UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ARMONDO DOOLEY,**

      **Plaintiff,**

                                        Civil Action 2:15-cv-2459
  **v.**                                   Judge George C. Smith
                                        Magistrate Judge Elizabeth P. Deavers

**GARY MOHR, et al.,**

      **Defendants.**

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' Motion to Dismiss (ECF No. 10), Plaintiff's Motion for Service of Process of the Writ of Subpoena Duces Tecum (ECF No. 16), and Defendants' Response in Opposition (ECF No. 17). Although the Court granted Plaintiff a four-month extension of time to respond to Defendants' Motion to Dismiss, Plaintiff has not filed a response in opposition. (ECF No. 15.) Rather than grant Defendants' Motion as uncontested, the Undersigned undertakes consideration of this matter on its merits. For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**. Furthermore, Plaintiff's Motion for Service of Process of the Writ of Subpoena Duces Tecum is **DENIED** as moot.

### I. BACKGROUND

Plaintiff brings his suit under 42 U.S.C. § 1983 against Defendants Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Charlotte Lewis, Warden of the Chillicothe Correctional Institute ("CCI"), John/Jane Doe Health Care Coordinator/Director of CCI, and John/Jane Doe Mental Health Care Coordinator/Director of

CCI.  (ECF No. 1.) According to the Complaint, officials at CCI knowingly exposed Plaintiff to histoplasmosis and asbestos in the CCI living area.  (ECF No. 1 at 5.)  Plaintiff states that the exposure resulted in "Plaintiff being subjected to a known health risk, causing serious potential for serious physical harm, unnecessary, unwarranted infliction of great emotional distress, duress and anxiety, causing panic attacks, head palpitations and labored breathing, also headaches." (*Id.*)  Plaintiff further claims that Defendants engaged in "deliberate indifference to his mental health needs by undertrained staff, and informal prison policies." (*Id.*)   According to Plaintiff, he received "arbitrary forms of punishment for exercising protected conduct to chill his desire to complain." (*Id.*)  Specifically, Plaintiff states that he was placed in segregation "without due process, and in retaliation for filing grievance." (*Id.*)  As a result, Plaintiff believes that, without appropriate redress, he will "face even more punishment contrary to his rights." (*Id.*)

Plaintiff seeks injunctive, compensatory, and punitive relief.  Plaintiff first demands transfer to another facility uncontaminated by asbestos or histoplasmosis.  (ECF no. 1 at 6.) Plaintiff also seeks injunctive relief ordering Defendants to cease what Plaintiff calls "capricious and arbitrary disciplinary actions designed to chill Plaintiff's desire to complain about his treatment or confinement." (*Id.*)  Plaintiff also seeks compensatory damages to compensate for future medical costs related to the alleged toxic exposure, as well as future mental health treatment.  Plaintiff further seeks unstated punitive damages. (*Id.*)  Plaintiff brings his claims for compensatory and punitive damages against each defendant jointly and severally in their individual capacities.  (*Id.*)

## II. Standard of Review

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements

set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. Analysis

Plaintiff brings his federal law claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

### A. Claims Against Defendants in their Individual Capacities

Plaintiff cannot establish the liability of a defendant absent a showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x at 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability"). In other words, individual liability "must be based on the

actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). A defendant must, therefore, play more than a passive role in the alleged violation or show mere tacit approval of the actions in question. *Rizzo*, 423 U.S. at 371. The mere existence of supervisory relationship to the actual wrongdoer is not enough to establish personal liability. *Iqbal*, 556 U.S. at 677.

Plaintiff's Complaint does not contain any factual allegation that, if proved, would show Defendants' personal involvement in the alleged misconduct. Apart from the caption and the *pro forma* listing of named defendants, Plaintiff does not mention any of the Defendants by name or indicate what unconstitutional actions he believes the individual defendants have taken. (ECF No. 1 at 1, 4. Plaintiff never indicates how, if at all, these Defendants were personally involved in any of the alleged misconduct. At most, Plaintiff's Complaint appears to imply that Defendants are liable under § 1983 because of their supervisory positions at CCI. Under § 1983, however, supervisory liability is unavailable. *Rizzo*, 423 U.S. at 371. Plaintiff's pleading, therefore, does not allow the Court to "draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged," even assuming all of his factual allegations are true. *Iqbal*, 556 U.S. at 678. Accordingly, the Undersigned finds that Plaintiff's allegations against Defendants in their individual capacities fail to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**B. Retaliation Claims**

Retaliation for the exercise of constitutional rights is itself a violation of the Constitution. To state a retaliation claim, a plaintiff must allege three elements: (1) that he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of

5

ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff's Complaint fails to plead the required elements for stating a retaliation claim. In his Complaint Plaintiff refers to a grievance he filed and a conduct report filed against him. (ECF No. 1 at 5.) Without more, Plaintiff states that he was, therefore, punished in retaliation for filing his grievance. (*Id.*) Plaintiff, however, does not provide any information about the grievance or the conduct report. He does not state the subject of the grievance or the conduct report, how they are related, or even when they were filed. As explained above, a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiff's formulaic recitation of some of the elements of a retaliation claim fails to meet the minimal requirements of Rule 12(b)(6). Accordingly, the Undersigned finds that Plaintiff has failed to state a retaliation claim for which relief can be granted.

## C. Eighth Amendment Deliberate Indifference Claims

The Supreme Court has stated that conditions of incarceration "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first show facts which establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. A plaintiff must also establish a subjective element showing the prison official acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A prisoner states an Eighth Amendment claim where he is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson*, 501 U.S. at 298; *Street v. Corr. Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). "In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere frustration or annoyance." *Id*. (citing *Hudson*, 503 U.S. at 9–10). Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Hunt v. Mohr*, No. 2:11-CV-00653, 2012 WL 1537294 at *3 (S.D. Ohio May 1, 2012) report and recommendation adopted, No. 2:11-CV-00653, 2012 WL 2196087 (S.D. Ohio June 15, 2012) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860–61 n.5 (6th Cir. 1976)). Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. at 106. Furthermore, "[w]here a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second

7

guess medical judgments." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citation omitted).

Plaintiff asserts violations of the Eighth Amendment to the Constitution arising from Defendants' "undertrained staff and informal prison policies resulting in Plaintiff being subjected to adverse conditions of confinement." (ECF No. 1 at 5.) The essence of Plaintiff's allegation, then, is that unnamed medical staff provided him with inadequate mental health care. Plaintiff does not state in what ways the staff was "undertrained," nor does he even describe what mental health care he actually received. Plaintiff's Complaint, therefore, fails to allege a sufficient claim for deliberate indifference to his serious medical needs.

Plaintiff also states that he received "arbitrary forms of punishment" constituting further Eighth Amendment violations. (*Id.*) The only punishment that Plaintiff specifically states, however, is placement in "segregation." (*Id.*) Plaintiff's Complaint does not describe the conditions of "segregation," how long he was placed there, or how this punishment constitutes a health threat, rather than a "mere frustration or annoyance" attendant to daily life in incarceration. *Wilson*, 501 U.S. at 298 (citing *Hudson*, 503 U.S. at 9–10).

Even assuming that his allegations are true, therefore, the Undersigned finds that Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted.

### D. Toxic Exposure Injuries Claim.

#### 1. Failure to Allege Actual Injury

Plaintiff seeks compensatory and punitive damages for physical injuries related to his alleged exposure to histoplasmosis and asbestos. Plaintiff, however, has not pleaded any physical injury. According to his Complaint, Plaintiff suffered exposure "to a known health risk, causing serious potential for serious physical harm." (ECF No. 1 at 5.) Plaintiff's allegations do

8

not even claim any physical injury arising from the alleged exposure.  Even assuming, then, that all of Plaintiff's allegations are true, Plaintiff's claims do not establish Defendant's liability for any physical injury because Plaintiff's claims do not actually allege an existing physical injury.  Accordingly, the Undersigned finds that Plaintiff's physical injury allegations fail to state a claim for which relief may be granted.

### 2. Defendants' Immunity from State Law Claims

To the extent that Plaintiff's toxic exposure claims do not relate to his retaliation claim, his allegations of physical and emotional injury sound in tort.  The Undersigned is not in a position to determine whether Defendants are immune from Plaintiff's unspecified state law tort claims.  Until the Ohio Court of Claims determines that they are not immune, however, Plaintiff's claims are not cognizable.  With respect to a state law tort claim, a federal court sits as a court of the forum state and is bound to apply its substantive law.  *Guaranty Trust Co. v. York*, 326 U.S. 99, 108–09 (1945).  The Sixth Circuit has recognized "Ohio law requires that, prior to asserting a claim against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Ohio Revised Code § 9.86."  *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989).  Prior to the Court of Claims' determination, then, there is no claim under Ohio law upon which relief can be granted against Defendants in their individual capacities.  The only cognizable claims, at least initially, lie against the State of Ohio in the Court of Claims.  *Id.* (citing Ohio Rev. Code Ann. § 2743.02(F)).  Accordingly, the Undersigned finds that the Court cannot exercise jurisdiction over Plaintiff's state law tort claims until such time as a cause of action against Defendants is recognized under Ohio law.

## IV. CONCLUSION

For the reasons explained above, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**. (ECF No. 10.)  Plaintiff's Motion for Service of Process of the Writ of Subpoena Duces Tecum is, therefore, **DENIED** as moot. (ECF No. 16.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date:  February 23, 2016                                              /s/ *Elizabeth A. Preston Deavers*
                                                                                                ELIZABETH A. PRESTON DEAVERS
                                                                                                UNITED STATES MAGISTRATE JUDGE